The Honorable Shane Broadway State Representative and Speaker Arkansas House of Representatives 201 Southeast 2nd Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
I am writing in response to your request for an opinion on the proper construction of A.C.A. § 6-13-619, which involves the voting procedures for school boards of directors. Specifically, you have enclosed constituent correspondence with your request that reflects the following factual scenario, which I have paraphrased:
 A school board meeting was held to decide the question of renewing the school superintendent's contract. The meeting was held as an "executive session" for purposes of the Arkansas Freedom of Information Act.[1]
One board member, who was attending the executive session, left during the meeting, exited the building and got in his car and drove away. The same board member, after more than half an hour, returned to the building, but did not immediately reenter the executive session. Some time later, the board member reentered the closed session, whereupon he "abstained" from voting on the question of the superintendent's contract. His abstention was counted as a "no" vote by the school board president.
The question posed for my opinion is whether the school board president acted correctly in recording the board member's vote as a "no" vote. It is argued in the correspondence attached with your request that the board member's vote should not have been counted at all.
RESPONSE
It is my opinion, based upon the facts with which I have been presented, that the board president acted correctly in recording the board member's vote as a "no."
The controlling Arkansas statute is A.C.A. § 6-13-619, which governs voting at school board meetings. It provides in relevant part as follows:
 (c)(1)(A) A majority of a quorum voting affirmatively shall be required for the passage of any motion or resolution.
 (B) Any member who abstains from voting shall be counted as having voted against the motion or resolution.
 (C) If a member announces a conflict of interest with regard to the issue, the member may leave the meeting until the voting on the issue is concluded, and the member who abstains from voting thereby shall not be counted as having voted.
(Emphasis added.)
The statute above provides in general that an abstention is counted as a "no" vote. The only exception is where the board member announces a conflict of interest, at which point he or she may leave the meeting until the voting is concluded. In this limited circumstance, the member shall not be counted as having voted.
The facts enclosed with your request do not indicate that the board member in question had any conflict of interest, or in any way "announced" a conflict of interest. Nor did he "leave the meeting until the voting on the issue [was] concluded. . . ." He left the meeting temporarily, rejoined the meeting and "abstained." In my opinion, therefore, his vote was properly recorded as a "no" vote under A.C.A. §6-13-619.
The correspondence attached to your requests quotes a publication of the Arkansas School Boards Association as stating that: "Ark. Code Ann.6-13-619 provides that, in order for a board member to abstain from voting, due to a conflict of interest, he/she may leave the meeting until the voting is concluded. If he/she remains and abstains, the abstention will be counted as a "no" vote." Citing "A Handbook for Arkansas School Board Members, (June 1998 ed). The correspondence attached to your request places emphasis on the word "remains" in this passage and asserts that because the board member in question did not "remain" in the meeting, he must be deemed to have "abstained by leaving the meeting," and therefore his vote should not be counted as a "no" vote, but rather, should not be counted at all.
In my opinion your constituent's interpretation of the School Board's Handbook is inconsistent with state law. The word "remains" does not appear in the relevant statute. The statutory language allows a board member to announce a conflict of interest and leave the meeting, so as not to have any vote recorded on the question. I cannot construe this option[2] as an affirmative requirement on board members without anyconflict of interest to "remain" throughout the duration of the meeting or else have the effect of their subsequent abstentions changed. Simply put, the portion of A.C.A. § 6-13-619 pertaining to "leaving" a meeting only applies to board members who announce a conflict of interest. It does not apply to or affect the votes of board members who announce no such conflict of interest.
In my opinion, therefore, the board president properly recorded the board member's vote as a "no" vote.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See A.C.A. § 25-19-106(c) (Repl. 2002).
[2] See also A.C.A. § 6-24-105(c)(1)(C) (Supp. 2001) and A.C.A. §6-24-107(b)(1)(B) (Supp. 2001), for ethical provisions requiring board members to leave school board meetings where they are directly or indirectly interested in proposed contracts of the board. In such cases, the board members are required by law to leave the meeting and are not counted as having voted.